1

2

3

4

5

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

6   LORENA SALDANA,

7                                    Plaintiff,

8          v.

9   CAROLYN W. COLVIN, Acting
    Commissioner of Social Security,

10

11                                   Defendant.

Case No. 2:16-cv-00508-RBL

ORDER REVERSING AND
REMANDING DEFENDANT'S
DECISION TO DENY BENEFITS

12          THIS MATTER is before the Court on Plaintiff Saldana's Complaint [Dkt. 3] for review

13   of the Social Security Commissioner's denial of her application for supplemental security

14   income benefits.

15          Saldana suffers from degenerative disc disease, diabetes mellitus, a learning disorder,

16   major depressive disorder, bipolar disorder, anxiety disorder, and posttraumatic stress disorder.

17   *See* Dkt. 7, Administrative Record 24. She applied for SSI benefits in October 2012, alleging she

18   became disabled beginning August 2006. *See* AR 22. That application was denied upon initial

19   administrative review and on reconsideration. *See id*. A hearing was held before Administrative

20   Law Judge Ruperta M. Alexis in December 2013. *See id*. Saldana, represented by counsel,

21   appeared and testified, as did a vocational expert. *See* AR 95-131.

22          The ALJ determined Saldana to be not disabled. *See* AR 19-36. The Appeals Council

23   denied Saldana's request for review, making the ALJ's decision the final decision of the

24   Commissioner of Social Security. *See* AR 1-6; 20 C.F.R. § 416.1481. In April 2016, Saldana

25

26

ORDER - 1

filed a complaint in this Court seeking judicial review of the Commissioner's final decision. *See* Dkt. 3.

Saldana argues the Commissioner's decision to deny benefits should be reversed and remanded for further administrative proceedings because the ALJ erred: (1) in evaluating the medical evidence in the record; (2) in evaluating Saldana's credibility; (3) in finding her capable of performing past relevant work at step four; and (4) in alternatively finding her capable of performing other work available in the national economy at step five. Specifically, Saldana argues the ALJ failed to fully incorporate or to give a sufficient reason to discount the opinions of state agency psychologists Mary H. Shwetz, M.D., and James Bailey, Ph.D. Saldana argues the errors affected the ultimate disability determination and are therefore not harmless.

The Commissioner argues the ALJ did not err in evaluating the medical evidence or Saldana's credibility, so the ALJ's RFC, step-four findng that Saldana could perform past work, and alternate step-five finding that Saldana could perform other work, were supported by substantial evidence and should be affirmed.

## DISCUSSION

The Commissioner's determination that a claimant is not disabled must be upheld by the Court if the Commissioner applied the "proper legal standards" and if "substantial evidence in the record as a whole supports" that determination. *See Hoffman v. Heckler*, 785 F.2d 1423, 1425 (9th Cir. 1986); *see also Batson v. Comm'r, Soc. Sec. Admin.*, 359 F.3d 1190, 1193 (9th Cir. 2004); *Carr v. Sullivan*, 772 F.Supp. 522, 525 (E.D. Wash. 1991) ("A decision supported by substantial evidence will, nevertheless, be set aside if the proper legal standards were not applied in weighing the evidence and making the decision.") (citing *Brawner v. Sec'y of Health and Human Services*, 839 F.2d 432, 433 (9th Cir. 1987)).

ORDER - 2

Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (citation omitted); *see also Batson*, 359 F.3d at 1193 ("[T]he Commissioner's findings are upheld if supported by inferences reasonably drawn from the record."). "The substantial evidence test requires that the reviewing court determine" whether the Commissioner's decision is "supported by more than a scintilla of evidence, although less than a preponderance of the evidence is required." *Sorenson v. Weinberger*, 514 F.2d 1112, 1119 n.10 (9th Cir. 1975). "If the evidence admits of more than one rational interpretation," the Commissioner's decision must be upheld. *Allen v. Heckler*, 749 F.2d 577, 579 (9th Cir. 1984) ("Where there is conflicting evidence sufficient to support either outcome, we must affirm the decision actually made.") (quoting *Rhinehart v. Finch*, 438 F.2d 920, 921 (9th Cir. 1971)).[1]

I.      **The ALJ's Evaluation of the Medical Evidence in the Record**

The ALJ determines credibility and resolves ambiguities and conflicts in the medical evidence. *See Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998). Where the medical evidence in the record is not conclusive, "questions of credibility and resolution of conflicts" are solely the functions of the ALJ. *Sample v. Schweiker*, 694 F.2d 639, 642 (9th Cir. 1982). In such cases, "the ALJ's conclusion must be upheld." *Morgan v. Comm'r, Soc. Sec. Admin.*, 169 F.3d 595, 601 (9th Cir. 1999). Determining whether inconsistencies in the medical evidence "are material (or are in

---

[1] As the Ninth Circuit has further explained:

> . . . It is immaterial that the evidence in a case would permit a different conclusion than that which the [Commissioner] reached. If the [Commissioner]'s findings are supported by substantial evidence, the courts are required to accept them. It is the function of the [Commissioner], and not the courts to resolve conflicts in the evidence. While the court may not try the case de novo, neither may it abdicate its traditional function of review. It must scrutinize the record as a whole to determine whether the [Commissioner]'s conclusions are rational. If they are . . . they must be upheld.

*Sorenson*, 514 F.2d at 1119 n.10.

ORDER - 3

fact inconsistencies at all) and whether certain factors are relevant to discount" the opinions of medical experts "falls within this responsibility." *Id.* at 603.

In resolving questions of credibility and conflicts in the evidence, an ALJ's findings "must be supported by specific, cogent reasons." *Reddick*, 157 F.3d at 725. The ALJ can do this "by setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." *Id.* The ALJ also may draw inferences "logically flowing from the evidence." *Sample*, 694 F.2d at 642. Further, the Court may draw "specific and legitimate inferences from the ALJ's opinion." *Magallanes v. Bowen*, 881 F.2d 747, 755 (9th Cir. 1989).

When a physician's opinion is contradicted by other medical opinions in the record, that opinion "can only be rejected for specific and legitimate reasons that are supported by substantial evidence in the record." *Lester v. Chater*, 81 F.3d 821, 830-31 (9th Cir. 1996). While generally given less weight than a treating or examining physician's opinion, a non-examining physician's opinion may constitute substantial evidence if "it is consistent with other independent evidence in the record." *Id.*; *Tonapetyan v. Halter*, 242 F.3d 1144, 1149 (9th Cir. 2001). A "[s]tate agency medical and psychological consultant" may be treated as a "highly qualified" psychiatrist with expertise in evaluating "medical issues in disability claims." Social Security Ruling ("SSR") 96-6p, 1996 WL 374180 *2.

Saldana argues the ALJ erred by failing to fully incorporate or to give a sufficient reason to discount the opinions of state agency psychologists Shwetz and Bailey, which include limitations that stem from Saldana's mental impairments. *See* Dkt. 9, pp. 11-12; Dkt. 13, pp. 4-5. Shwetz and Bailey both opined that Saldana would need, among several other workplace limitations, extra time to learn and to adjust to changes in a routine. *See* AR 171, 185. The ALJ

gave these psychologists' opinions significant weight, stating that they were consistent with Saldana's mental health treatment history, her social functioning, and her independent daily activities. *See* AR 29. The ALJ then incorporated many of the limitations to which the psychologists opined into the RFC. *See id*. However, the ALJ simply stated at the end of her analysis of the psychologists' opinions that there was "no indication that [Saldana] would require extra time to learn and adjust to changes in routine." *See id*. The ALJ did not include that limitation in the RFC. *See* AR 27.

By stating only that there was "no indication" of a need for extra time to learn and adjust to changes in routine, the ALJ did not provide a sufficiently specific reason for discounting the psychologists' opinions. "[A]n ALJ errs when he rejects a medical opinion or assigns it little weight while doing nothing more than … criticizing it with boilerplate language that fails to offer a substantive basis for his conclusion." *Garrison v. Colvin*, 759 F.3d 995, 1012-13 (9th Cir. 2014) (citing *Nguyen v. Chater*, 100 F.3d 1462, 1464 (9th Cir.1996)). Even inferring that the ALJ was stating that clinical findings did not support the limitations, it is insufficient for an ALJ to reject the opinion of a physician by merely stating, without more, that there is a lack of objective medical findings in the record to support that opinion. *See Embrey v. Bowen*, 849 F.2d 418, 421 (9th Cir. 1988). Instead, the ALJ's finding appears to be an improper substitution of her own lay opinion. *See McBrayer v. Sec'y of Health and Human Services*, 712 F.2d 795, 799 (2nd Cir. 1983) (ALJ cannot arbitrarily substitute her own judgment in place of a competent medical opinion). Therefore, the ALJ erred by failing to adequately address the psychologists' opinions that Saldana needs extra time to learn and to adjust to changes in routine.

The Ninth Circuit has "recognized that harmless error principles apply in the Social Security Act context." *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012) (citing *Stout v.*

ORDER - 5

*Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1054 (9th Cir. 2006) (collecting cases)). It "adhere[s] to the general principle that an ALJ's error is harmless where it is 'inconsequential to the ultimate nondisability determination.'" *Id.* (quoting *Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1162 (9th Cir. 2008)) (other citations omitted). Courts must review cases "'without regard to errors' that do not affect the parties' 'substantial rights.'" *Id.* at 1118 (quoting *Shinseki v. Sanders*, 556 U.S. 396, 407 (2009) (quoting 28 U.S.C. § 2111) (codification of the harmless error rule)). Courts "look at the record as a whole to determine [if] the error alters the outcome of the case." *Molina*, 674 F.3d at 1115.

The ALJ's improper rejection of the psychologists' opinions affected the case's outcome. Had the ALJ fully credited their opinions, the RFC would have included additional limitations regarding Saldana's need for extra time to learn and to adjust to changes in her routine. Instead, the ALJ posed hypothetical questions to the vocational expert based on an incomplete RFC. *See* AR 123-25. Based on the vocational expert's answers to those questions, the ALJ found Saldana could perform past relevant work or other work available in the national economy. *See* AR 30-32. As the ALJ's ultimate determination regarding disability was based on a vocational expert's testimony on an improper hypothetical question, the errors are not harmless.

## II.     The RFC, Step-Four, and Step-Five Findings

Because the ALJ erred in evaluating Shwetz's and Bailey's opinions, the RFC assessed by the ALJ does not necessarily completely and accurately describe all of Saldana's capabilities. Based on the testimony of a vocational expert, the ALJ found Saldana capable of performing past relevant work and other work available in the national economy. *See* AR 30-32. Again, however, because the ALJ erred in evaluating the psychologists' opinion and in assessing Saldana's RFC, the hypothetical question presented did not completely and accurately describe all of Saldana's

capabilities. The ALJ's step-four and step-five determinations are not supported by substantial evidence and are in error.[2]

### III. This Matter Should Be Remanded for Further Administrative Proceedings

The Court may remand a case "either for additional evidence and findings or to award benefits." *Smolen v. Chater*, 80 F.3d 1273, 1292 (9th Cir. 1996). When the Court reverses an ALJ's decision, "the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation." *Benecke v. Barnhart*, 379 F.3d 587, 595 (9th Cir. 2004) (citations omitted). It is "the unusual case in which it is clear from the record that the claimant is unable to perform gainful employment in the national economy," that "remand for an immediate award of benefits is appropriate." *Id.*

Benefits may be awarded where "the record has been fully developed" and "further administrative proceedings would serve no useful purpose." *Smolen*, 80 F.3d at 1292; *Holohan v. Massanari*, 246 F.3d 1195, 1210 (9th Cir. 2001). Specifically, benefits should be awarded where:

> (1) the ALJ has failed to provide legally sufficient reasons for rejecting [the claimant's] evidence, (2) there are no outstanding issues that must be resolved before a determination of disability can be made, and (3) it is clear from the record that the ALJ would be required to find the claimant disabled were such evidence credited.

*Smolen*, 80 F.3d 1273 at 1292; *McCartey v. Massanari*, 298 F.3d 1072, 1076-77 (9th Cir. 2002). Here, issues remain regarding Saldana's functional capabilities and her ability to perform work despite any additional limitations. Remand for further consideration is warranted.

//

//

---

[2] The Commissioner argues that a limitation to needing extra time to learn and to adjust to changes in routine would not affect Saldana's ability to perform her past work because she already knows how to perform it. *See* Dkt. 12, p. 7. However, the limitation does not refer to the time required to learn how to perform a job; it demands extra time to learn changes in a routine and to adjust to those changes.

ORDER - 7

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

**CONCLUSION**

The Court finds the ALJ improperly concluded Saldana is not disabled. Defendant's

decision to deny benefits is REVERSED, and this matter is REMANDED for further

administrative proceedings as detailed in this order.

DATED this 26th day of September, 2016.

_____

Ronald B. Leighton
United States District Judge

ORDER - 8